In the Matter of the Application of CARRIE B. EATON, as a Beneficiary under the Last Will and Testament of HENRY C. WILLCOX, Deceased, for a Construction of the Will of Said Decedent.

LILLIAN EDWARDS, Appellant; CARRIE B. EATON and Others, Respondents.

First Department, February 3, 1928.

**Wills — construction — bequest to employees of legal department of company who had been employed " continuously for five years or more prior to my decease "— persons who had been employed for more than five years, but not for five years continuously prior to decease of testator, not included.**

The will of the testator bequeathed $20,000 to " those employees of the American Surety Company of New York, * * * who have been employed in the Legal Department of the company at its Home Office, continuously for five years or more prior to my decease." The petitioner had served in the legal department for eleven years, from January 4, 1909, to January 3, 1920, at which time she resigned. She re-entered the legal department less than two years prior to the death of the testator. She is not entitled to take under the bequest stated, since she had not served continuously for a period of five years prior to the death of the testator.

MERRELL and MARTIN, JJ., dissent.

APPEAL by Lillian Edwards from a decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of said Surrogate's Court on the 8th day of July, 1927.

*Allan C. Rowe* of counsel [*George A. Kues,* attorney], for the appellant.

*Earl J. Garey* of counsel [*Eugene L. Garey,* attorney], for the respondent Carrie B. Eaton.

PROSKAUER, J. By the will of Henry C. Willcox the sum of $20,000 was bequeathed to " those employees of the American Surety Company of New York, including Miss Lillian Edwards, who have been employed in the Legal Department of the company at its Home Office, continuously for five years or more prior to my decease, and whose salaries do not exceed the sum of Three thousand dollars per annum." Lillian Edwards was in the employ of the legal department of the company at the time of the testator's death on February 26, 1927, and had been so employed without

interruption continuously for five years next preceding. Carrie B. Eaton was also in the employ of the legal department at the time of the testator's death, but had been continuously in that employment for a period of less than two years immediately prior to the testator's death. Just before this period of employment she had been entirely out of the service of the company for over five years, having resigned her employment on January 3, 1920. Before her resignation she had served the legal department of the company continuously for eleven years, from January 4, 1909, to January 3, 1920.

The learned surrogate has determined that Carrie B. Eaton is one of the class entitled under the provisions of the will to share in this bequest. We think this interpretation fails to give force to the use of the phrase " prior to my decease." If the testator had intended to bequeath to a person who had at any time for five years been continuously in the employ of the company and who chanced to be in its service on the date of his death, he could have expressed this intention without the use of this phrase. The bequest would then have been to those employees " who have been employed in the legal department of the company at its home office continuously for five years or more." That language would have embraced the two essential conditions that the beneficiary was to be an employee of the company and was to have served continuously for five years. However, by adding the phrase " prior to my decease," to the phrase " continuously for five years or more," the testator evidenced a purpose to confine his generosity to those who had served continuously for five years counting back from the date of his decease. Under the interpretation given to the clause by the learned surrogate, if Carrie B. Eaton had served the legal department of the company but one day immediately prior to the decedent's death, the circumstance that many years before she had served continuously for five years would have entitled her to share in this bequest. We do not think that the testator intended to accomplish such a result.

For these reasons the decree appealed from should be reversed, with costs to the appellant, and the proceeding remitted to the surrogate for the entry of a decree in accordance with this opinion.

DOWLING, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

Decree reversed, with costs to the appellant, and the proceeding remitted to the surrogate for further action in accordance with this opinion.